IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARY PHILLIPS,<br><br>                Plaintiff,<br><br>v.<br><br>CASSIDY ROSS, et al.,<br><br>                Defendants. | **ORDER AND MEMORANDUM DECISION TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:23-cv-929-TC<br><br>Judge Tena Campbell |

Plaintiff Gary Phillips, who is a self-represented inmate, brings this civil rights action under 42 U.S.C. § 1983.[1] The court has screened Mr. Phillips's Complaint (ECF No. 4) under its statutory review function. See 28 U.S.C. § 1915A.[2] The court now orders Mr. Phillips to file an amended complaint to cure deficiencies before further pursuing claims.

---

[1] The federal statute, 42 U.S.C. § 1983, creating a "civil action for deprivation of rights" reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[2] The screening statute, 28 U.S.C. § 1915A, reads:

> (a) Screening.—The court shall review … a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

## COMPLAINT'S DEFICIENCIES

The court notes the following deficiencies and provides guidance below concerning specific issues. The Complaint:

(a) improperly alleges civil rights violations on a respondeat superior theory against Defendant Powell.

(b) does not adequately link each element of claim(s) of lack of due process—in disciplinary proceedings—to the specific named defendant(s).

(c) appears to contain claims based on current confinement; but it also appears the Complaint was not submitted using legal help to which Mr. Phillips is constitutionally entitled by his institution—i.e., the prison contract attorneys. See Lewis v. Casey, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'adequate law libraries or adequate assistance from persons trained in the law' … to ensure that inmates … have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement" (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977))).

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Commc'ns Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for [a] pro se litigant." Id. Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989).

    A. **General Considerations**

Mr. Phillips should consider these general points before filing an amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. See Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may not be supplemented without moving for an amendment. Fed. R. Civ. P. 15.

(ii) Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

(iii) The complaint must clearly state what each individual defendant—typically, a named government employee—did to violate Mr. Phillips's civil rights. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is an essential allegation in a civil rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" Stone v. Albert, 338 F. App'x 757, 759 (10th Cir. 2009) (quoting Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)). Mr.

3

Phillips should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(iv) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Mr. Phillips should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. Robbins, 519 F.3d at 1248 ("The [Bell Atlantic Corp. v.] Twombly Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiffs' conclusory allegations … would have little idea where to begin.' Id.").

(v) Mr. Phillips may not name an individual as a defendant based solely on that individual's supervisory position. See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating that supervisory status alone does not support § 1983 liability).

(vi) The bare denial of a grievance, "by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vii) "No action shall be brought with respect to prison conditions under [Federal law] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). But Mr. Phillips need not include grievance details in his complaint. Failure to exhaust administrative remedies is an affirmative defense that must be raised by Defendants. Jones v. Bock, 549 U.S. 199, 216 (2007).

## B. Respondeat Superior

In asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Consequently, there is no respondeat superior liability under § 1983. See id. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 689 (1978). Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

## C. Due Process in Disciplinary Hearings

Mr. Phillips should also consider this information in amending the complaint:

> "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To satisfy due process in a prison disciplinary proceeding, "the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). There must also be "some evidence in the record" supporting the charge. Id. at 454–56.

Bird v. Pacheco, 729 F. App'x 627, 629–30 (10th Cir. 2018).

5

## MOTION TO APPOINT COUNSEL

Mr. Phillips moves the court to ask volunteer counsel to represent him free of charge. Mr. Phillips has no constitutional right to counsel.  See Carper v. Deland, 54 F.3d 613, 616 (10th Cir. 1995); Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir. 1987).  But the court may in its discretion appoint counsel for indigent plaintiffs.  See 28 U.S.C. § 1915(e)(1); Carper, 54 F.3d at 617; Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).  Mr. Phillips bears the burden of convincing the court that his claim has enough merit to warrant appointment of counsel. McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to ask volunteer counsel to represent a plaintiff free of charge, this court considers a variety of factors, such as "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (quoting Williams, 926 F.2d at 996); accord McCarthy, 753 F.2d at 838–39. Considering the above factors, the court finds that, at this time, Mr. Phillips's claims may not be colorable, the issues in this case are not complex, and Mr. Phillips does not appear to be too incapacitated or unable to adequately function to pursue this matter.  The court therefore denies for now Mr. Phillips's motion for to appoint counsel.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.  Within **thirty days**, Mr. Phillips must cure the complaint's deficiencies noted above by filing a document titled "Amended Complaint" that does not refer to or include any other document.

        2.        The Clerk of Court shall mail Mr. Phillips the Pro Se Litigant Guide with a blank-form civil rights complaint, which Mr. Phillips must use if he wishes to pursue his potential claims further.

        3.        If Mr. Phillips fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

        4.        The Amended Complaint shall not include any claims (a) occurring past the date of the Complaint, filed December 29, 2023.  The court will not address any such new claims or outside allegations, which will be dismissed.  If Mr. Phillips wishes to raise other claims and allegations, he may do so only in a new complaint in a new case.  If an amended complaint is filed, the court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

        5.        Mr. Phillips must tell the court of any address change and comply in a timely manner with court orders.  See D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing pro se must notify the clerk's office immediately of any change in address, email address, or telephone number.").  Failure to do so may result in this action's dismissal for failure to prosecute.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

6.     Time extensions are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

7.     No direct communication is to take place with any judge.  All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

8.     Mr. Phillips must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or pro se party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

9.     Mr. Phillips's motion to appoint counsel (ECF No. 5) is DENIED.  But if, after the case develops further, it appears that counsel may be needed or of specific help, the court will ask an attorney to appear pro bono on Mr. Phillips's behalf.

DATED this 15th day of July, 2024.

BY THE COURT:

_____
Tena Campbell
United States District Judge