IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARY PHILLIPS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CASSIDY ROSS, et al.,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING SOME DEFENDANTS AND REQUESTING WAIVER OF SERVICE ON REMAINING DEFENDANT**<br><br>Case No. 2:23-cv-00929-TC<br><br>Judge Tena Campbell |

Plaintiff Gary Phillips, who is a self-represented inmate at the Utah State Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983.

On July 15, 2024, the court provided guidance and ordered Mr. Phillips to cure the deficiencies in his Complaint by filing an amended complaint. (Mem. Decision & Order, July 15, 2024, ECF No. 19.) The court notified Mr. Phillips that, "[i]f an amended complaint is filed, the court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims." (Id. at 7.) Mr. Phillips filed an Amended Complaint on July 31, 2024. (ECF No. 21; see also Errata, ECF No. 22.) Having now thoroughly screened and liberally construed[1] the Amended Complaint under its statutory review

---

[1] Pro se pleadings are liberally construed, "applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citations omitted). Accordingly, if the court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Id.; see also Peterson v. Shanks, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

function,[2] the court dismisses two defendants and requests waiver of service from the remaining defendant. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").

## BACKGROUND

Mr. Phillips alleges that three employees of the Utah Department of Corrections denied him due process and engaged in cruel and unusual punishment by finding him "guilty of tampering with a urine test" without verifying his medical status. (ECF No. 21 at 5.) More specifically, he asserts as follows: Defendant Woolsey, a correctional officer, collected the urine sample for the test. (Id. at 6.) About two weeks later, Mr. Phillips was written up "for low creatine levels 'tampering.'" (Id.) Defendant Cassidy Ross, a disciplinary officer, then conducted a disciplinary proceeding during which Mr. Phillips told Officer Ross "that [he] was on water pills and prostate pills that cause [him] to urinate constantly and that it causes [his] GF creatine to be low." Mr. Phillips further alleges he told Officer Ross "to talk to medical [but] he never did." (Id.) In a written report, Officer Ross stated: "I found some evidence Inmate PHILLIPS, GARY LYNN is guilty of A13: SUBSTANCE ABUSE, based on the following: Officer's report states Offender PHILLIPS tampered with a UA sample." (Utah Dep't of Corr.

---

[2] The screening statute, 28 U.S.C. § 1915A, reads:

> (a) Screening.—The court shall review … a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

Papers, ECF No. 4-1 at 4.)  Defendant Wendy Horlacher-Aldrich, a disciplinary appeals officer, later affirmed Officer Ross's decision on appeal.  (Id. at 5; ECF No. 21 at 7.)

## STANDARD OF REVIEW

When assessing a complaint for failure to state a claim upon which relief may be granted, the court takes all well-pleaded factual assertions as true and regards them in a light most favorable to the plaintiff.  Ridge at Red Hawk L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).  But the factual allegations in a complaint must raise a plausible right to relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–56 (2007).  A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  And while the court accepts well-pleaded factual allegations as true at this stage, the court considers "bare assertions" involving "nothing more than a 'formulaic recitation of the elements' of a constitutional … claim" as "conclusory and not entitled to" an assumption of truth.  Id. at 681 (quoting Twombly, 550 U.S. at 554–55).

In other words, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Red Hawk, 493 F.3d at 1177.  Also, the plaintiff must plead facts, not conclusions: "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" including where "a legal conclusion [is] couched as a factual allegation."  Ashcroft, 556 U.S. at 678 (cleaned up).

When the court conducts its review of a prisoner's complaint seeking redress against governmental officials, it does so for each individual defendant and for each cause of action.  See

Williams v. Utah Dep't of Corr., 928 F.3d 1209, 1212 (10th Cir. 2019) (noting that a plaintiff must "explain[] which … prison-official defendants are liable for what improper conduct"). Indeed, § 1983 cases often include a list of defendants, such as

> the government agency and a number of government actors sued in their individual capacities…. [I]t is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

Robbins v. Okla. ex rel. Dep't of Human Servs., 519 F.3d 1242, 1249–50 (10th Cir. 2008) (citing Twombly, 550 U.S. at 565 n.10).

## ANALYSIS

The court's previous order notified Mr. Phillips of the due process standards applicable to disciplinary hearings as follows:

> "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To satisfy due process in a prison disciplinary proceeding, "the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985). There must also be "some evidence in the record" supporting the charge. Id. at 454-56.

Bird v. Pacheco, 729 F. App'x 627, 629–30 (10th Cir. 2018). (ECF No. 19 at 5.)

Even with this information, the only requirement Mr. Phillipps asserts was violated is that he was denied the chance to present "documentary evidence in his defense." (ECF No. 21 at 6.) Specifically, Mr. Phillips alleges that he asked Officer Ross to "talk to medical" to verify that Mr. Phillips was "on water pills and prostate pills that cause[d him] to urinate constantly and that … cause[d his] GF creatine to be low … [but Officer Ross] never did." (Id.) Presumably, the prescriptions for water and prostate pills were "documentary evidence." Bird, 729 F. App'x at

630. And only Officer Ross is alleged to have denied Mr. Phillips the chance to present that evidence in the disciplinary proceeding.

Mr. Phillips has thus failed to state a claim upon which relief may be granted against Officers Woolsey and Horlacher-Aldrich. The court therefore dismisses these defendants.[3]

In contrast, the court finds that Mr. Phillips has potentially stated a claim upon which relief may be granted against Officer Ross. Under Rule 4(c)(1) of the Federal Rules of Civil Procedure, the court therefore requests waiver of service from Officer Ross, noting that Officer Ross need only answer only Mr. Phillips's allegation of a federal due process violation concerning his disciplinary proceeding.

## ORDER

Based on the court's screening of the Amended Complaint, IT IS ORDERED as follows:

1. Because Mr. Phillips fails to affirmatively link each element of a due process violation to Defendants Woolsey and Horlacher-Aldrich, these Defendants are DISMISSED.

2. Under Federal Rule of Civil Procedure 4(c)(1), the court requests waiver of service from Defendant Cassidy Ross.

3. For this single remaining Defendant, the court directs the Clerk of Court to mail:

   a. Notice of a Lawsuit and Request to Waive Service of a Summons, AO form 398; 2 copies of Waiver of the Service of Summons, AO form 399; a copy of the Amended Complaint and Errata (ECF Nos. 21 &22), and this

---

[3] Although Mr. Phillips tersely states that the failure to allow him to present evidence in his disciplinary hearing rises to the level of cruel and unusual punishment, he does not support that assertion with any of the necessary allegations that the Defendants 1) showed deliberate indifference by ignoring an objectively sufficient serious harm. and 2) subjectively "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." Hardy v. Rabie, 147 F.4th 1156, 1163 (10th Cir. 2025) (cleaned up). The court therefore does not consider this claim further.

       Order to: **Utah Department of Corrections, Att'n: Correctional Program Coordinator--3rd Floor DPO Suite, 14717 South Minuteman Drive, Draper, Utah 84020**.

  b. Copies of the Amended Complaint and Errata (ECF Nos. 21 & 22) and this Order to **Utah Attorney General's Office, Att'n: Litigation Division, Prisoner Litigation Unit, 160 East 300 South, Sixth Floor, P.O. Box 140856, Salt Lake City, Utah 84114-0856**.

  4. The Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires the Defendant to cooperate in saving unnecessary costs of service of summons and complaint. Under Rule 4, if the Defendant does not waive service, after being asked by the court to do so on the Plaintiff's behalf, the Defendant must bear service costs unless good cause be shown for not signing and returning the waiver form. If service is waived, this action will proceed as if the Defendant had been served on the day the waiver is filed, except that the Defendant need not file an answer until **60 days** from the date when the waiver request was sent. See Fed. R. Civ. P. 4(d)(3) (allowing more days to respond than would be required if formal summons service were necessary). The Defendant must read the statement at the waiver form's end that more completely describes the party's duties about waiver. If service is waived after the deadline given in the Notice of a Lawsuit and Request to Waive Service of a Summons but before Defendant has been personally served, the Answer shall be due **60 days** from the date on which the request for waiver was sent or **20 days** from the date the waiver form is filed, whichever is later.

  5. If the Defendant does not execute a waiver, the Defendant's counsel must file notice giving reasons a waiver has not been filed. A report is due **30 days** from the date a request was sent.

  6. The Defendant shall answer the Amended Complaint, observing the Federal Rules of Civil Procedure and the following litigation schedule:

    a. If the Defendant asserts the affirmative defense of the Plaintiff's failure to exhaust administrative remedies in a grievance process, the Defendant must,

     i. within **60 days** of date of waiver request, file an answer;

     ii. within **90 days** of filing an answer, prepare and file a Martinez report[4] limited to the exhaustion issue; and,

     iii. within **120 days** of filing an answer, file a separate summary judgment motion as to exhaustion only (with supporting memorandum).

---

[4] See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when a prisoner has filed suit alleging constitutional violation against institution officials). In Gee v. Estes, the Tenth Circuit explained the nature and function of a Martinez report as follows:

> Under the Martinez procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the Martinez report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

829 F.2d 1005, 1007 (10th Cir. 1987).

      b.      If the Defendant challenges the complaint's bare allegations, the Defendant shall, within **60 days** of date of waiver request, file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

      c.      If the Defendant chooses not to rely on an exhaustion defense and wants to pierce the complaint's allegations, the Defendant must,

           i.      within **60 days** of date of waiver request, file an answer;

           ii.      within **90 days** of filing an answer, prepare and file a <u>Martinez</u> report addressing the complaint's substance; and,

           iii.      within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

      d.      If the Defendant seeks relief otherwise contemplated under procedural rules, the Defendant must file an appropriate motion within **90 days** of filing an answer.

7.      The Plaintiff must, within **30 days** of its filing, respond to the <u>Martinez</u> report. The Plaintiff should keep in mind that <u>Martinez</u> reports may "be used for their truth against a plaintiff if the plaintiff has been warned that failing to respond to the <u>Martinez</u> report could lead to that result. <u>Ortiz v. Torgensen</u>, 857 F. App'x 419, 426–27 (10th Cir. 2021). This order is the warning. The Plaintiff's response may include requests for discovery of any <u>relevant</u> documents he deems missing from the <u>Martinez</u> report.

8.      The Plaintiff must, within **30 days** of its filing, respond to a motion to dismiss or summary judgment motion. For the Plaintiff's information and convenience, the court has attached the procedural rules governing summary judgment practice.

9. The Defendant shall file a reply brief within **14 days** after the date the Plaintiff's opposition is filed.

10. Any evidence filed to support the parties' summary judgment positions must be reviewed by the parties to ensure that 1) only relevant evidence is submitted (for instance, if filing medical records, ensure that only medical records applicable to the exact claims at issue are filed); and 2) the numbering on the pages of all evidentiary submissions is clear for each page of each document and matches up to any references in citations to those documents in any summary judgment motion, response, and reply. If evidentiary documents do not comply with this requirement, the summary judgment motion, response, or reply, may be struck from the docket, subject to refiling with compliant evidentiary documents.

11. A motion to dismiss or for summary judgment shall be deemed submitted as of the date the reply brief is due. No hearing will be held on a motion unless the court so orders at a later date.

DATED this 5th day of January, 2026.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge

## Fed Rule of Civil Procedure 56

Summary Judgment

- **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
- **(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
- **(c) Procedures.**
    - **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
        - **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
        - **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
    - **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
    - **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
    - **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
- **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    - **(1)** defer considering the motion or deny it;
    - **(2)** allow time to obtain affidavits or declarations or to take discovery; or
    - **(3)** issue any other appropriate order.
- **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
    - **(1)** give an opportunity to properly support or address the fact;
    - **(2)** consider the fact undisputed for purposes of the motion;
    - **(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
    - **(4)** issue any other appropriate order.
- **(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
    - **(1)** grant summary judgment for a nonmovant;
    - **(2)** grant the motion on grounds not raised by a party; or
    - **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(h) **Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

## DISTRICT OF UTAH LOCAL CIVIL RULE 56-1
## SUMMARY JUDGMENT MOTIONS AND MEMORANDA

(a) **Compliance with DUCivR 7-1**.
A motion for summary judgment, response, and reply must comply with DUCivR 7-1 in addition to the requirements in this rule.

(b) **Motion**.
If a party files more than 1 summary judgment motion at the same time, the court may strike the motions and require that the motions be consolidated into a single motion. A motion for summary judgment must be titled "Motion for Summary Judgment," be supported by an Appendix of Evidence, as described in 56-1(e), and include the following sections:

(1) <u>Introduction and Relief Requested</u>. A concise statement of each claim or defense for which summary judgment is sought and a clear statement of the relief requested.

(2) <u>Background (Optional)</u>. An optional section to provide context for the case, dispute, and motion. If included, this section should be placed between the Introduction and Relief Requested and the Statement of Undisputed Material Facts. The Background need not be limited to undisputed facts and need not cite to evidentiary support.

(3) <u>Statement of Undisputed Material Facts</u>. A concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law. Only facts necessary to decide the motion should be included in this section. The moving party must cite with particularity the evidence in the Appendix that supports each factual assertion.

(4) <u>Argument</u>. An explanation for each claim or defense, establishing, under the applicable supporting authority, why the moving party is entitled to judgment as a matter of law. The argument section should include a statement of each claim or defense on which the party is seeking summary judgment and supporting authorities. Any factual references must cite to the Appendix.

(c) **Response**.
A response to a motion for summary judgment may be accompanied by an Appendix of Evidence, if applicable, and must include the following sections.

(1) <u>Introduction</u>. A concise statement explaining why summary judgment should be denied.

(2) <u>Background (Optional)</u>. An optional section to provide context for the case, dispute, and motion. If included, this section should be placed between the Introduction and the Response to Statement of Undisputed Material Facts. The Background need not be limited to undisputed facts and need not cite to evidentiary support.

(3) <u>Response to Statement of Undisputed Material Facts</u>. A party must restate only those specific facts the opposing party contends are genuinely disputed or immaterial, providing a concise statement explaining why the fact is disputed or immaterial, and cite to the evidence used to refute the fact. The responding party should not restate undisputed facts. If a fact is inadmissible, the responding party must object, as provided in DUCivR 7-1(b), rather than move to strike the inadmissible fact. Factual citations must reference the appropriate Appendix.

      (4) <u>Statement of Additional Material Facts (if applicable)</u>. If additional material facts are relevant to show that there is a genuine dispute of material fact, the party must state each additional fact and cite with particularity to the Appendix that contains the supporting evidence. Do not include duplicate copies of evidence already in the record. Instead, the party must cite to evidence in a previously filed Appendix.     (5) <u>Argument</u>. An explanation for each claim or defense, establishing, under the applicable supporting authority, why summary judgment should be denied. Any factual citations must cite to the appropriate Appendix.

**(d) Reply**.

The moving party may file a reply. In the reply, a party may cite to evidence that was not previously cited only to rebut a claim that a material fact is in dispute. Otherwise, a reply may not contain additional evidence, and, if it does, the court may disregard it.

**(e) Appendix of Evidence**.

      (1) All evidence cited in a motion, response, or reply must be compiled in an appendix. Do not include duplicate copies of evidence already in the record. Instead, the party must cite to evidence in a previously filed Appendix.
      (2) The Appendix must include:
          (A) a captioned, cover-page index that—
              (i) lists each exhibit by number;
              (ii) includes a description or title of the exhibit; and
              (iii) identifies the source of the exhibit;
          (B) complete copies of all exhibits, including deposition transcripts. For lengthy deposition transcripts, the party may submit the relevant pages of the deposition and the 4 pages before and 4 pages after the sections cited. Manuscript transcripts are permitted, unless otherwise ordered by the court.

**(f) Failure to Respond**.

If a party fails to timely respond, the court may grant the motion without further notice if the moving party has established that it is entitled to judgment as a matter of law.

**DISTRICT OF UTAH LOCAL CIVIL RULE 7-1**
MOTIONS AND MEMORANDA

**(a) Motion, Response, and Reply**.

      (1) <u>Motion and Memorandum</u>. Except as otherwise allowed by this rule, a motion and memorandum must be contained in the same document and include the following:
          (A) an initial separate section stating succinctly the specific relief sought and the grounds for the relief; and
          (B) a recitation of relevant facts, supporting authority, and argument.
      (2) <u>Exception to the Requirement to Include Facts and Supporting Authority</u>. The requirement to include facts and supporting authority under section 7-1(a)(1)(B) does not apply to the following motions:
          (A) to extend time for the performance of an act, whether required or permitted, if the motion is made before the current deadline expires;
          (B) to continue a hearing or other court proceeding;
          (C) to appoint a next friend or guardian ad litem;
          (D) to substitute a party;
          (E) for a settlement conference;
          (F) for referral to or withdrawal from the court's ADR program; and
          (G) for approval of a stipulation between the parties.
      (3) <u>No Motion Within a Response or Reply</u>. A party may not make a motion, including a motion under Fed. R. Civ. P. 56(d), or a cross-motion in a response or reply. Any motion must be

separately filed. A cross-motion may incorporate by reference the arguments contained in a response, if applicable.

(4) <u>Page and Word Limits and Filing Times</u>. Unless the court orders otherwise or the parties stipulate to shorter requirements, the following apply:

    (A) *Motions Filed Under Fed. R. Civ. P. 12(b), 12(c), or 23(c)*.
        (i) A motion or a response may not exceed 25 pages or 7,750 words.
        (ii) A reply may not exceed 10 pages or 3,100 words.
        (iii) A response to a motion must be filed within 28 days after service of the motion.
        (iv) A reply may be filed within 14 days after service of the response.

    (B) *Motions Filed Under Fed. R. Civ. P. 56(a)*.
        (i) A motion or a response may not exceed 40 pages or 12,400 words.
        (ii) A reply may not exceed 20 pages or 6,200 words.
        (iii) A response to a motion must be filed within 28 days after service of the motion.
        (iv) A reply may be filed within 14 days after service of the response.

    (C) *Motions Filed Under Fed. R. Civ. P. 65*.
        (i) A motion or a response may not exceed 25 pages or 7,750 words.
        (ii) A reply may not exceed 10 pages or 3,100 words.
        (iii) A response to a motion must be filed within 14 days after service of the motion.
        (iv) A reply may be filed within 14 days after service of the response.

    (D) *All Other Motions*.
        (i) A motion, response, or reply not specified above may not exceed 10 pages or 3,100 words.
        (ii) A response to a motion must be filed within 14 days after service of the motion.
        (iii) A reply may be filed within 14 days after service of the response.

(5) <u>Stipulation to Extend Filing Time</u>. Parties seeking to extend the filing time for a response or reply must file a stipulated motion before the filing time has passed. A stipulation to extend a filing time is ineffective without a court order.

(6) <u>Sections Applicable to Page or Word Limits and Certification Requirement</u>.
    (A) All headings, citations, quotations, and footnotes count toward the page or word limit.
    (B) The caption, face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits do not count toward the page or word limit.
    (C) When a document exceeds the page limit, a party must certify at the end of the document that the document complies with the word limit (e.g., "I, [attorney's name], certify that this [name of document] contains [number of words] words and complies with DUCivR 7-1(a)(4).").

(7) <u>Overlength Motion, Response, or Reply</u>.
    (A) Unless modified by the assigned judge in a court order or on their "practices and procedures" page on the court website, a party must first obtain a court order authorizing the additional pages or words before filing a motion, response, or reply that exceeds the page or word limits in section 7-1(a)(4). The motion must be filed, and the order obtained, before filing the overlength motion, response, or reply. The motion to exceed the page or word limit must include:
        (i) the number of additional pages or words that are needed; and
        (ii) a statement of good cause why additional pages or words are needed.
    (B) An overlength motion, response, or reply must contain a table of contents.

(8) <u>Motion Seeking Relief Similar to Another Party's Motion</u>. Each party seeking relief from the court must file a motion that identifies the relief sought and grounds for the requested relief. A party may incorporate by reference another party's arguments in the party's own motion, if applicable, but filing a "Notice of Joinder" is improper.

(9) <u>Additional Memoranda</u>. Unless otherwise ordered, the court will not consider additional memoranda.

**(b) Motion to Strike Evidence Improper; Evidentiary Objections Permitted**.
- (1) A motion to strike evidence offered in another party's motion, response, or reply is improper.
- (2) If evidence is offered in a motion or a response, the response or reply may include an objection to the evidence. In exceptional circumstances, the objection may be filed as a separate document simultaneously with the response or reply.
- (3) If new evidence is offered in a reply, an evidentiary objection must be filed within 7 days after service of the reply.
- (4) A party may file a response to an evidentiary objection at the same time any response or reply is due or no later than 7 days after the objection was filed, whichever is later.

**(c) Supplemental Authority**.
When pertinent and significant authority comes to the attention of a party before the court has entered a decision on a motion, the party may file a Notice of Supplemental Authority, which may not exceed 2 pages.
- (1) The notice must contain, without argument, the following:
  - (A) a reference either to the page of the memorandum or to a point argued orally to which the supplemental authority pertains; and
  - (B) the reasons why the supplemental authority is relevant.
- (2) The court may decide a motion without waiting for a response to the notice. If the court has not ruled on the motion, a party may file a response, which may not exceed 2 pages, within 7 days after service of the notice.

**(d) Supporting Exhibits**.
When evidence is cited in a motion, response, or reply, the relevant portions of the evidence must be attached or filed separately and contemporaneously with the document.

**(e) Proposed Orders**.
- (1) <u>When Required</u>. A party must provide a proposed order when filing a motion under section 7-1(a)(2) of this rule or when the court orders otherwise.
- (2) <u>Filing Procedures</u>. To file a proposed order, a party must:
  - (A) attach it as an exhibit to the motion; and
  - (B) email an editable copy of the proposed order, copied to other parties or their counsel—
    - (i) for motions filed under DUCivR 77-2, to utdecf_clerk@utd.uscourts.gov; and
    - (ii) for all other motions, to the assigned judge's chambers.

**(f) Failure to Respond**.
Except as provided in DUCivR 56-1(f), failure to respond timely to a motion may result in the court granting the motion without further notice.

**(g) Oral Arguments on Motions**.
The court may set any motion for oral argument. Otherwise, a party may request oral argument on a motion and must show good cause. If oral argument is not set, the court will determine a motion based upon the parties' written memoranda.

**(h) Summary Judgment**.
This rule and DUCivR 56-1 apply to motions for summary judgment and related memoranda.

**(i) Courtesy Copies**.
The court may require a party to provide courtesy copies as described in the court's ECF Procedures Manual and on the Judge Information section of the court's website.

**(j) Sanctions**.
Failure to comply with the requirements of this rule may result in the court imposing sanctions, including:
- (1) returning the document for resubmission in accord with the rule;
- (2) denial of the motion; or
- (3) any other sanction the court deems appropriate.