IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARY PHILLIPS,<br><br>                    Plaintiff,<br><br>v.<br><br>CASSIDY ROSS, et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>Case No. 2:23-cv-00929-TC<br><br>Judge Tena Campbell |

Plaintiff Gary Phillips, who is a self-represented inmate at the Utah State Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983.  On January 5, 2026, the court dismissed several of his claims but found that Mr. Phillips had potentially stated a claim against Defendant Cassidy Ross.  (Mem. Decision & Order, Jan. 5, 2026, ECF No. 37 at 5.)  Mr. Phillips has now filed a motion asking the court to appoint counsel.  (ECF No. 41.)

"As a civil litigant, [a plaintiff] has no Sixth Amendment right to counsel."  Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006).  And the court lacks authority to appoint counsel, although federal statute authorizes the court to ask counsel to agree to represent an indigent plaintiff free of charge.[1]  See 28 U.S.C. § 1915(e)(1) ("The court may request an

---

[1] The Tenth Circuit has noted:

> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district court's fault; that dilemma [i]s the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

attorney to represent any person unable to afford counsel."); McCleland v. Raemisch, No. 20-1390, 2021 WL 4469947, at *5 n.3 (10th Cir. Sept. 30, 2021) (explaining that, in a civil case "when [the court] refer[s] to appointing counsel, [the court] really refer[s] to a request that an attorney take the case pro bono").  Mr. Phillips bears the burden of convincing the court that his claims have enough merit to warrant the appointment of counsel.  McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).  But "[i]t is not enough" for Mr. Phillips to argue that he needs help "in presenting his strongest possible case, as the same could be said in any case."  Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

Instead, in deciding whether to ask volunteer counsel to represent Mr. Phillips free of charge, the court considers a variety of factors, such as "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  Williams, 926 F.2d at 996; accord McCarthy, 753 F.2d at 838–39.  Considering the above factors, the court concludes that—at this time—Mr. Phillips's claims may not be colorable, the issues in this case are not complex, and Mr. Phillips is not too incapacitated or unable to adequately function in pursuing this matter.  Therefore, at this time the court denies without prejudice Mr. Phillips's motion to appoint counsel.

---

Rachel v. Troutt, 820 F.3d 390, 397 n.7 (10th Cir. 2016); see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 298 (1989) (holding that courts may not "require an unwilling attorney to represent an indigent litigant in a civil case"); Greene v. U.S. Postal Serv., 795 F. App'x 581, 583 (10th Cir. 2019) ("In most legal communities, only a limited number of attorneys are willing to take these cases.  Thus, the district court [must] decide how to maximize the benefit from these local resources."); Gross v. GM LLC, 441 F. App'x 562, 567 (10th Cir. 2011) (observing that courts rarely request counsel to represent parties in civil actions); Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

Mr. Phillips's motion for appointed counsel (ECF No. 41) is DENIED. But if, after the case develops further, it appears that counsel may be needed or of specific help, the court may ask an attorney to appear pro bono on Mr. Phillips's behalf. The court will continually reevaluate the need for counsel; as a result, no further motions for appointed counsel are needed.

DATED this 30th day of January, 2026.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge